UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUANITA HARRIS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITY PARENTING AGENCY,<br>　　　　Defendant | No. 22 CV 3542<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant's motion to dismiss [21] is granted. The plaintiff's amended complaint [7] is dismissed without prejudice. Civil case terminated.

### STATEMENT

*Pro se* Plaintiff Quanita Harris brings this suit, pursuant to 42 U.S.C. § 1983, against Defendant Scarlett Aufman, an investigator for the Illinois Department of Children and Family Services ("DCFS"). (R. 7 ("Amend. Compl.").)[1] Harris alleges that Aufman wrongfully caused her three minor children to be placed in foster care. (*Id.* at 8.) While the Court does not take Harris' allegations that her children are suffering mistreatment in state custody lightly, the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) precludes interference with the ongoing Illinois state court custody proceedings. *See generally Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) ("[S]tate courts are more eminently suited to address issues concerning domestic relations than are federal courts[.]").

The complaint alleges that Aufman became involved in Harris' domestic affairs because Harris' boyfriend's sister, Tatiana Love, filed a false DCFS report. (Amend. Compl. at 5, 7.) The complaint explains that Aufman visited Harris' home, spoke to her children, and helped Harris sign a Safety Plan. (*Id.* at 13.) Harris subsequently attended a temporary custody hearing in the Circuit Court of Cook County. (*See* R. 26 at 32–40.)[2] The court granted Illinois temporary custody of Harris' children

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.
[2] The Court can take judicial notice of public records in deciding this motion, such as the court filings related to the state court proceedings described in the complaint. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("[I]n resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.").

because there was probable cause that the children were abused and neglected and that there was an immediate and urgent necessity to remove the children. (*Id.*) The adjudication order shows that the court determined that the State had proved by a preponderance of evidence that the children were abused and neglected. (*Id.* at 41, 44, 47.) Harris subsequently filed the instant lawsuit. (Amend. Compl.) The "Relief" section of Harris' form complaint states that she "wants the Court to give [her] three children justice" and to sue for her children being wrongfully taken from her. (*Id.* at 8). At a March 6, 2024, status conference the parties informed the Court that the matter was still pending, with a court date scheduled for July 22, 2024.

The Court construes Harris' complaint as asserting a violation of her Fourteenth Amendment substantive and procedural due process rights under 42 U.S.C § 1983. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Constitutional claims must be addressed under the most applicable provision."); *see, e.g.*, *Ramos v. Nickerson*, No. 22 C 3426, 2024 WL 2248288, at *5 (N.D. Ill. May 17, 2024) ("infer[ing] that [*pro se*] Plaintiff is attempting to at least assert a claim for violation of his Fourteenth Amendment right to familial relations—a component of substantive due process").

Aufman seeks dismissal of Harris' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 21.) The Court does not reach the sufficiency of Harris' allegations, however. *See Cothron v. White Castle System, Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021) ("[S]ubject-matter jurisdiction is the first issue in any case . . . , so we begin with our independent duty to ensure that this case is properly in federal court . . ."). Rather, "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). "*Younger* and its progeny 'require federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention.'" *Id.* (quoted citation omitted).

Here, the removal of Harris' children in a child abuse and neglect context is, in nature, a *quasi*-criminal proceeding that implicates important state interests. *See Moore v. Sims*, 442 U.S. 415, 423 (1979). The law also presumes "that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary," which Harris has not supplied. *FreeEats.com, Inc.*, 502 F.3d at 598.

Further, there is no plausible threat of extraordinary circumstances warranting an exception. "[A] district court should not abstain under *Younger* where: (1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith or (2) the plaintiff has demonstrated 'an extraordinarily pressing need for immediate equitable relief' that, if not granted, will irreparably injure the plaintiff[.]" *Id.* at 596–97. For the second *Younger* exception to apply, "there (1) must be no state remedy

available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that the litigant will suffer "great and immediate" harm if the federal court does not intervene." *Id.* at 597.

Here, the Court cannot infer that Harris was deprived of an adequate opportunity to voice her claims and concerns regarding the state court abuse and neglect proceedings. The temporary custody hearing order indicates that she was notified and present at the temporary custody hearing, and the adjudication order indicates that she was present and testified at trial. (*See* R. 26 at 32–47.) The Court thus does not find that there are exceptional circumstances that would justify an exception to the *Younger* doctrine. Accordingly, the Court will not interfere with the ongoing state court proceedings.

For all of these reasons, the motion to dismiss is granted. It is so ordered.

Date: June 18, 2024

JEREMY C. DANIEL
United States District Judge